**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HAO LIU<br><br>*Plaintiff,*<br><br>v.<br><br>WENZHOU YUBO SHOE MATERIALS CO., LTD., d/b/a YUBAIXIECAI,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-01686<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Hao LIU ("Plaintiff") files this Original Complaint against Defendant Wenzhou Yubo Shoe Materials Co., Ltd., d/b/a yubaixiecai ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns a registered copyright in an original two-dimensional artwork titled "Environmental Design Slogans," U.S. Copyright Registration No. VA 2-513-236 (the "Copyrighted Work").

2. Defendant, a Chinese company, sells water shoes to U.S. consumers through an Amazon.com storefront and displays photographs of packaging bearing a reproduction of the Copyrighted Work's original artistic layout. Upon information and belief, Defendant uses that packaging for the Accused Product.

3. Defendant has reproduced and publicly displayed the Copyrighted Work in marketing the Accused Product on Amazon.com and, upon information and belief, distributed copies through sales of the Accused Product in the Infringing Packaging. Upon information and belief, Defendant's infringement commenced after the effective date of Plaintiff's registration. Plaintiff seeks injunctive relief, actual damages and Defendant's profits or, at Plaintiff's election, statutory damages, attorneys' fees and costs, and impoundment and destruction of infringing articles.

## THE PARTIES

4. Plaintiff Hao LIU is an individual and a citizen of the People's Republic of China residing in Qingdao, Shandong Province, China. Plaintiff is the author and sole copyright claimant of the Copyrighted Work.

5. Defendant Wenzhou Yubo Shoe Materials Co., Ltd., is a limited liability company organized under the laws of the People's Republic of China on July 26, 2023, with Unified Social Credit Code 91330302MACQCPA85F and its registered address at 1st Floor, Building 1, No. 124 Longchuan Road, Yangyi Subdistrict, Lucheng District, Wenzhou, Zhejiang 325000, China. On its Amazon.com seller profile, Defendant identifies itself as "Wenzhou Yubo Shoe Materials Co., Ltd." at the same address.

6. Defendant operates the Amazon.com seller account "yubaixiecai" (Amazon Seller ID A3UZMZ3U2YVQRK). Defendant offers the Accused Product under the brand name "Skemic."

7. Upon information and belief, Defendant is not registered to do

business in Texas and has not designated an agent for service of process in Texas.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

9. Defendant operates the "yubaixiecai" storefront on Amazon.com and offers the Accused Product to U.S. consumers through English-language listings displaying prices in U.S. dollars. The listings identify Defendant as the seller and Amazon as the shipper and display delivery availability to Plano, Texas 75025. Defendant also uses photographs depicting the accused packaging to market the Accused Product through those listings.

10. On November 7, 2026, a member of Plaintiff's counsel's staff made a test purchase of the Accused Product from Defendant's "yubaixiecai" storefront for delivery to Plano, Texas 75024, within this District.

11. This Court has specific personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042. Defendant has purposefully availed itself of the Texas market by offering the Accused Product for sale and delivery to Texas consumers through its Amazon.com storefront, displaying photographs of the Infringing Packaging in connection with those offers, and accepting an order for the Accused Product specifying delivery to Plano, Texas. Plaintiff's copyright infringement claim arises out of or relates to these contacts because it concerns Defendant's use of the accused packaging design in marketing and selling the Accused Product. The

exercise of specific personal jurisdiction over Defendant comports with due process. In the alternative, if Defendant is not subject to personal jurisdiction for this action in any state's courts of general jurisdiction, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). This action arises under federal copyright law. Defendant has purposefully directed its commercial activities toward the United States by marketing and offering the Accused Product through its U.S.-facing Amazon.com storefront, including listings displaying photographs of the Infringing Packaging and prices in U.S. dollars. Plaintiff's claim arises out of or relates to Defendant's contacts with the United States as a whole, and the exercise of personal jurisdiction over Defendant comports with due process.

12. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and may be sued in any judicial district. Venue is also proper under 28 U.S.C. § 1400(a) because Defendant may be found in this District based on its contacts with the forum as alleged above.

13. Assignment to the Sherman Division is appropriate because Defendant's listings offer the Accused Product for delivery to Plano, Texas, in Collin County, within this Division. The test purchase described above likewise designated Plano, Texas 75024, as the delivery destination.

## FACTUAL ALLEGATIONS

14. In 2024, Plaintiff created the Copyrighted Work, an original two-dimensional graphic artwork within the category of works protected under 17 U.S.C. § 102(a)(5), for use on product packaging. A true and correct copy of the Copyrighted Work, as deposited with the U.S. Copyright Office, is attached as **Exhibit A**.

15. The Copyrighted Work incorporates an original selection, coordination, and arrangement of graphic and textual elements, including a green header banner, a circular graphic, stacked text with a green highlight box, an oversized numeral, and a closing line, as depicted below.




16. Plaintiff claims copyright protection in the original artistic expression embodied in the Copyrighted Work as a whole, including the particular selection, coordination, and arrangement of its graphic and textual elements.

17. The Copyrighted Work was first published in the United States on February 1, 2025. *See* **Exhibit B**.

18. The U.S. Copyright Office registered the Copyrighted Work under Registration No. VA 2-513-236, effective May 24, 2026. The certificate identifies Plaintiff as the author and copyright claimant. A true and correct copy of the certificate is attached as **Exhibit B**.

19. Plaintiff obtained registration of the Copyrighted Work before commencing this action, satisfying 17 U.S.C. § 411(a). Because registration occurred

within five years after first publication, the certificate constitutes prima facie evidence of the validity of the copyright and the facts stated in the certificate under 17 U.S.C. § 410(c).

20. Plaintiff has never licensed or otherwise authorized Defendant to reproduce, distribute, publicly display, import, or prepare derivative works based on the Copyrighted Work.

21. Defendant offers for sale on Amazon.com a product titled “Water Shoes For Women Men Slip-On Comfortable For Beach Swim Surf Yoga Lightweight Breathable Soft,” bearing the brand name “Skemic” and item model number YM044 (the “Accused Product”). The Accused Product listings captured in Exhibit C are accessible through URLs identifying ASINs B0HKW56B71, B0HKW34H3Z, B0HKW85BFC, B0HKW41C2X, and B0HKWH6ZXC. As captured on November 9, 2026, those listings identify “yubaixiecai” as the seller and Amazon as the shipper, and display a price of $6.99. True and correct copies of screenshots of Defendant’s seller profile and the Accused Product listings are attached as **Exhibit C**. The packaging depicted in those listings is shown below.



(Infringing Packaging Depicted in Defendant's Amazon Listing)

22. The Accused Product listings depict a clear plastic bag bearing a design that reproduces the Copyrighted Work's original selection, coordination, and arrangement of graphic and textual elements (the "Infringing Packaging"). These elements include the green header banner, circular graphic, stacked text block, rectangular highlight, oversized numeral, and closing line, arranged in substantially the same relative positions and proportions as in the Copyrighted Work. These similarities in the overall composition support an inference of copying rather than independent creation. *See* **Exhibits A, C**.

23. Defendant reproduces and publicly displays the Copyrighted Work through photographs of the Infringing Packaging included in the Accused Product listings. *See* **Exhibit C**.

24. On November 7, 2026, a member of Plaintiff's counsel's staff made a test purchase of the Accused Product from Defendant's "yubaixiecai" storefront for delivery to Plano, Texas 75024, within this District.

25. Upon information and belief, Defendant had access to the Copyrighted Work before reproducing it. Plaintiff first published the Copyrighted Work in the United States on February 1, 2025. The detailed correspondence between the Copyrighted Work and the Infringing Packaging supports an inference that Defendant encountered and copied the Copyrighted Work.

26. Upon information and belief, Defendant's infringement commenced after May 24, 2026, the effective date of Plaintiff's copyright registration. Each

Accused Product listing identifies September 24, 2026, as its "Date First Available." *See* Exhibit C.

27. Upon information and belief, Defendant's infringement is willful. Defendant's detailed reproduction of the Copyrighted Work's coordinated graphic and textual arrangement supports an inference of deliberate copying, undertaken with knowledge of, or reckless disregard for, Plaintiff's rights.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff owns a valid, registered copyright in the Copyrighted Work.

30. Without Plaintiff's authorization, Defendant has infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing and publicly displaying the Copyrighted Work in photographs included in the Accused Product listings, in violation of §§ 106(1) and 106(5). Upon information and belief, Defendant has also reproduced the Copyrighted Work on the Infringing Packaging and distributed copies of the Copyrighted Work through sales of the Accused Product in that packaging, in violation of §§ 106(1) and 106(3).

31. The Infringing Packaging and the photographs depicting it reproduce, and are substantially similar to, the protectable expression of the Copyrighted Work, including its original selection, coordination, and arrangement of graphic and textual elements.

32. Upon information and belief, Defendant's infringement has been

willful, undertaken with knowledge of, or reckless disregard for, Plaintiff's rights.

33. Plaintiff seeks actual damages and Defendant's profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c).

34. Upon information and belief, Defendant's infringement commenced after the effective date of Plaintiff's copyright registration. Accordingly, Plaintiff alleges that 17 U.S.C. § 412 does not bar recovery of statutory damages or attorneys' fees.

35. Plaintiff seeks an award of costs and reasonable attorneys' fees under 17 U.S.C. § 505.

36. Defendant's infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which monetary damages provide no adequate remedy. Plaintiff seeks preliminary and permanent injunctive relief under 17 U.S.C. § 502, together with impoundment and destruction of infringing copies and articles as authorized by 17 U.S.C. § 503.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

A. A finding that Defendant has infringed Plaintiff's copyright in the Copyrighted Work and that the infringement was willful;

B. Preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active

concert or participation with any of them who receive actual notice of the injunction, from reproducing, distributing, or publicly displaying infringing copies of the Copyrighted Work, or offering for sale or selling products in packaging that infringes the protectable expression of the Copyrighted Work, including the Accused Product in the Infringing Packaging;

C. An order under 17 U.S.C. § 503 directing the impoundment and destruction or other reasonable disposition of all infringing copies of the Copyrighted Work, including the Infringing Packaging, and all plates, molds, masters, or other articles used to reproduce such copies, in Defendant's possession, custody, or control;

D. An award of Plaintiff's actual damages and Defendant's profits attributable to the infringement and not otherwise taken into account in computing actual damages under 17 U.S.C. § 504(b), or, at Plaintiff's election before final judgment, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 for willful infringement of the Copyrighted Work;

E. An award of costs and reasonable attorneys' fees under 17 U.S.C. § 505;

F. Prejudgment and postjudgment interest as allowed by law; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 10, 2026

Respectfully submitted,

/s/ Tao Liu

Tao Liu
Lead Attorney
Bar No. 5741665NY
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Facsimile: None
Email: tao.liu@glacier.law

*Counsel for Plaintiff Hao Liu*